# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>                               Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-RM2 AND ALL PERSONS UNKNOWN CLAIMING ANY ILLEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTFF'S TITLE THERETO; DOES 1 to 10, inclusive,<br><br>                              Defendants. | CASE NO. 13-cv-1576-LAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT** |

Plaintiff Rudie Thomas filed a complaint against Bank of America on July 5, 2013, and after BOA failed to respond the clerk entered default and Thomas filed a motion for default judgment. Later, on September 20, 2013, Bank of America filed a motion to set aside default, alleging the summons was not properly served. The Court **GRANTS** that motion.

//

There are several factors a court may consider in determining whether to enter default judgement, one of which is the "strong policy underlying the Federal Ruled of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Furthermore, this court's discretion to set aside default is broader when only default has been entered and not default judgment. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Bank of America presents a credible case that Thomas's service was improper, and it has now appeared and is ready and willing to litigate. That is all that matters in the Court's view.

Thomas's motion for default judgment is **DENIED** and Bank of America's motion to set aside default is **GRANTED**.

**IT IS SO ORDERED**.

DATED: October 2, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge