# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>                                Plaintiff,<br>  vs.<br><br>BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-RM2 AND ALL PERSONS UNKNOWN CLAIMING ANY ILLEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; DOES 1 to 10, inclusive,<br><br>                                Defendants. | CASE NO. 13-cv-1576-LAB<br><br>**ORDER RE: MOTION TO DISMISS AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |

      Thomas accuses Bank of America of illegally buying his home at a foreclosure sale and subsequently removing him from it. Now pending before the Court are BOA's motion to dismiss and motion to declare Thomas a vexatious litigant. Both motions are **GRANTED**.

      This case is, on its facts, as simple as any other foreclosure case the Court has seen in recent years. It is actually even simpler considering that BOA's most direct argument is

that Thomas's claims are barred by res judicata, an argument that needn't even reach the substantive merits of Thomas's claims. For whatever reason, however, the case comes with a staggering amount of briefing and exhibits. Almost everything that has been filed is either too long or too heavily exhibited. Thomas's complaint is almost 80 pages, and his oppositions to the motions are each over two hundred pages. For BOA's part, its motion to declare Thomas a vexatious litigant comes with over a thousand pages of exhibits. The Court has done its best to review everything.

I.   **Res Judicata**

This isn't the first case in which Thomas has challenged BOA's right to buy his home and remove him from it.

In 2010, after it bought Thomas's home at a trustee's sale, BOA filed an unlawful detainer action against Thomas in San Diego Superior Court. BOA prevailed. The court entered summary judgment in its favor, ordering that "Plaintiff LASALLE BANK, N.A. as Trustee have and recover from Defendant(s) RUDIE THOMAS possession of the improved real property located at 5048 CRESCENT BAY DR, SAN DIEGO, CA 92154." (Mot. to Dismiss, Ex. I.) Thomas lost on appeal, and his petition for rehearing was denied. (Mot. to Dismiss, Exs. R, S.)

After the unlawful detainer action was filed but before it was resolved on appeal, Thomas filed a motion to set aside the trustee's sale and to quiet title—also in San Diego Superior Court. (Mot. to Dismiss, Ex. J.) Again, BOA prevailed. The court granted its motion to dismiss, and on May 13, 2013 the Court of Appeal affirmed. (Mot. to Dismiss, Exs. K, V.) His petition for rehearing was denied, as was his petition for review with the California Supreme Court. (Mot. to Dismiss, Exs. W, Z.)

Thomas also pressed his case in federal court. On December 27, 2011, just a few months after he filed his second amended complaint in San Diego Superior Court, he filed a motion to set aside the trustee's sale and to quiet title in this Court. *See Thomas v. Bank of America*, Case No. 11-CV-3009, Doc. No. 1. (Mot. to Dismiss, Ex. M.) This case was assigned to Judge Bencivengo, and she dismissed it for lack of jurisdiction on September 7,

2012. (Mot. to Dismiss, Ex. O.) She explained to Thomas that even if he alleged jurisdictional facts, "the matters that you have pending in the state court are similar to the matters here and because they involve the disposition of property in your quiet title claim, the law requires that we abstain from hearing the matter when the state court already had jurisdiction and heard it first." Case No. 11-CV-3009, Doc. No. 44 at 3.

Undeterred, Thomas turned around and filed a second case in this Court on October 12, 2012. It asserted claims under RESPA, FDCPA, TILA, RICO, and § 1983, among others, and also accused Bank of America of criminal violations under state and federal law. *See Thomas v. Bank of America*, Case No. 12-CV-2475, Doc. No. 1. (Mot. to Dismiss, Ex. P.) This case was assigned to Judge Curiel, who ordered that the parties file supplemental briefing on the question whether principles of res judicata barred the claims. Case No. 12-CV-2475, Doc. No. 30. Judge Curiel subsequently issued a thorough, 13-page order *sua sponte* dismissing the case based on principles of res judicata. Case No. 12-CV-2475, Doc. No. 46. (Mot. to Dismiss, Ex. X.) Judge Curiel recognized that "res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated," and that "[i]n California, 'a [1] valid, final judgment on the merits is a bar to a subsequent action by [2] parties or their privies [3] on the same cause of action.'" Case No. 12-CV-2475, Doc. No. 46 at 7 (quoting *Sargon Enters., Inc. v. Univ. of S. Cal.*, 215 Cal. App. 4th 1495, 1508 (Cal. Ct. App. 2013)). (Mot. to Dismiss, Ex. X.)

The Court has reviewed Judge's Curiel's dismissal order and finds it equally pertinent to this case. This is the crux of it:

> The primary right is Plaintiff's right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property. The alleged wrong by Defendants is that Defendants wrongfully foreclosed on his property. The actions in state court and this court concern the same property, same deed of trust and same foreclosure sale. The fact that Plaintiff raises new theories for relief is not relevant for purposes of claim preclusion. Through different court proceedings, Plaintiff has been seeking relief for the alleged wrongful foreclosure of the property. Case No. 12-CV-2475, Doc. No. 46 at 11. (Mot to Dismiss, Ex. X.)

//

The Court agrees fundamentally with that analysis. Moreover, Thomas has no rebuttal to it as it applies to this case. In his opposition brief, he merely repeats several times the same lines with respect to the res judicata issue, and they are meaningless:

> Plaintiff denies this argument and it should be noted that Mr. Stolzman statement is deceptive in that the Ryan Firm purchased bogus promissory notes in which Bank of America, N.A. deemed as uncollectible. The Trustee's Deed Upon Sale was recorded on May 5, 2008. Bank of America, N.A. just recently provided the plaintiff with documentation that reflects that Bank of America, N.A. did not own or service the loan nor does the Ryan Firm represent Bank of America, N.A. as counsel. The documentation will also show that it was The Ryan Firm that created the bogus account for the plaintiff in which was ordered to be removed as part of the Independent Foreclosure Review.
> (Opp'n Br. at 5–7.)

He also says, at least twice, that this case "claims violation, by the defendant, of the liberty clauses of the 5th and 14th Amendments of the Constitution as they apply to the plaintiff," which it obviously can't do insofar as Bank of America is a completely private actor. *See Collins v. Wells Fargo Bank*, 2013 WL 3808097 at *12 (D. Ariz. July 23, 2013). (Opp'n Br. at 6–7.) When Thomas does seem to have a substantive argument with respect to res judicata, all he does is cite a case for the conclusory proposition that, as he puts it, "res judicata [should] not be applied so as to defeat the ends of Justice." (Opp'n Br. at 6–7.)

The Court has familiarized itself with the record of this case, as well as the records of Thomas's past cases, and it concludes that the doctrine of res judicata bars this action in its entirety. Bank of America's motion to dismiss is therefore **GRANTED**, and Thomas's claims are **DISMISSED WITH PREJUDICE**.

## II.   Vexatious Litigant

BOA has also moved to have Thomas declared a vexatious litigant. The fact is that he lost an unlawful detainer action in state court, and lost on appeal, and has subsequently filed a state case, two losing federal cases, and now this case. Also, somewhat tangential to the vexatious litigant analysis, BOA explains that Thomas vandalized his home after he was evicted and forced BOA to obtain temporary restraining orders against him.

/ /

1       Under 28 U.S.C. § 1651(a), the Court has the authority to issue any writ "necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law." This includes restricting a litigant's right to access the courts when he or she abuses that right, provided the following conditions have been met: (1) the litigant has been given notice and the opportunity to respond before being declared vexatious; (2) there is an adequate record for review that includes the litigant's activities; (3) the litigant's activities can be deemed frivolous or harassing; and (4) the restriction is narrowly tailored to deter the specific vice encountered. *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

      Here, the action is really on (3), and the Court questions whether Thomas is simply ignorant and doesn't understand the law, or whether he can truly be said to have filed frivolous *and* harassing actions. The Court concludes the latter. When Judge Bencivengo dismissed his first federal action, she explained that even though it was being dismissed on jurisdictional grounds there was a larger res judicata problem:

> Even if I gave you leave to amend to try to establish diversity jurisdiction or raise a federal question, in essence, the matters that you have pending in the state court are similar to the matters here and because they involve the disposition of property in your quiet title claim, the law requires that we abstain from hearing the matter when the state court already had jurisdiction and heard it first. And they've made their determination. It is on appeal.
>
> Your proper avenue for relief is to follow those appeals. If the appeal is affirmed by the state court, then it's over and you can't bring it back here. If it's revised, then there may be an avenue there for you to reapply here possibly. But at this time, this Court cannot hear your claim . . . .
>
> So we'll dismiss your claim here without prejudice so that if there is an opportunity or a reason for it to be heard here in the future after the state proceedings are resolved, then you could potentially come back here. But if there's a ruling in the state court that says the judgment there is affirmed and it's over, this court will be—will accept that judgment, it's called res judicata, and it's finished. All right? (Case No. 11-CV-3009, Doc. No. 44 at 3.)

To all of this, Thomas responded, "I understand, your Honor." (Case No. 11-CV-3009, Doc. No. 44 at 4.) So, it cannot be that Thomas simply doesn't understand the law and *this* explains his frequent filings. Indeed, Judge Curiel's very comprehensive order in Thomas's

second federal action ought to have made it very clear to him that there is simply no relief available to him, in the federal courts, for the foreclosure on his home. In finding that Thomas's actions are frivolous and harassing, the Court has also taken into account, at least in this case, the volume (very high) and quality (very low and in places incoherent) of his pleadings, as well as the fact that he attempted to obtain a default judgment by falsely representing that he had served Bank of America.

Thomas's rebuttal to BOA's motion is feeble. In many places, it appears to have been lifted verbatim from his opposition to BOA's motion to dismiss. When he does specifically address specifically being declared a vexatious litigant, he cites California law for the rule a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . ." Cal. Code Civ. P. § 391(b)(1). Of course, California law doesn't apply for the Court's purposes here, and in any event, § 391 lists a number of *other* reasons that one might be declared a vexatious litigant.

For the above reasons, the Court **GRANTS** BOA's motion to declare Thomas a vexatious litigant. It finds that the *DeLong* factors are satisfied and that the designation is an appropriate one. Accordingly, Thomas is enjoined from filing any future civil action against BOA that pertains to the foreclosure on his home without first seeking the approval of the Court. Second, should Thomas file any future civil actions against BOA, he must post a security/bond to secure payment of costs, sanctions, or other sums that may be awarded against him should BOA prevail. This is obviously far short of a total ban on Thomas litigating in this Court, but it should adequately deter him from pursuing BOA for foreclosure-related relief here.

**IT IS SO ORDERED.**

DATED: April 10, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge